# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| *In re* JERRY GREENWOOD et al., ) <br> ) <br> Debtors. ) <br> _____ ) <br> ) <br> JERRY GREENWOOD et al., ) <br> ) <br> Appellants, ) <br> ) <br> vs. ) <br> ) <br> ONEWEST BANK FSB et al., ) <br> ) <br> Appellees. ) <br> _____ ) | 3:13-cv-00293-RCJ <br><br> Bk. No. 09-bk-53338 <br><br> Adv. No. 11-ap-05038 <br><br> **ORDER** |

This is an appeal of the bankruptcy court's order in an adversary proceeding granting a motion to cancel a lis pendens. Appellees have moved to dismiss the appeal for lack of appellate jurisdiction and have separately moved for a stay of all proceedings on appeal pending the Court's determination of the motion to dismiss. For the reasons given herein, the Court grants the Motion to Dismiss (ECF No. 3) and denies the Motion to Stay (ECF No. 4) as moot.

Jerry Greenwood, d.b.a. Greenwood Excavating and Eugenia ("Gina") Greenwood, d.b.a. Greenwood Enterprises are joint Debtors in Chapter 7 bankruptcy case No. 09-bk-53338, filed on September 23, 2009 and currently pending before the Hon. Judge Gregg W. Zive in the bankruptcy court of this District. Angelique Lamberti-Clark is the U.S. Trustee. In adversary proceeding No. 11-ap-5038, filed on April 18, 2011, Plaintiffs Jerry and Gina Greenwood sued Defendant OneWest Bank, FSB ("OneWest") to determine the validity under state law of a lien

1  against their property at 1123 Jo Ln., Gardnerville, NV 89410 (the "Property") now held by
2  OneWest and to determine the availability of the lien under the bankruptcy code, alleging that the
3  original lender had recorded the deed of trust in the wrong county.

4   On October 15, 2012, OneWest filed a motion in the adversary proceeding for an order
5  striking and cancelling a lis pendens on the Property and for sanctions against Plaintiffs' attorney
6  for bad faith.  Defendant noted in the motion that Jerry Greenwood has filed the lis pendens in
7  Douglas County jointly on behalf of himself and Gina Greenwood, though he had quitclaimed his
8  interest in the property to Gina Greenwood the previous month.  Moreover, several months prior
9  to the recordation of the lis pendens, the bankruptcy court had approved a settlement agreement
10 between the Trustee and Defendant stipulating, *inter alia*, that Defendant held a valid security
11 interest in the Property.  On May 21, 2013, the bankruptcy court entered its order (the "Order").
12 (*See* Order, May 21, 2013, ECF No. 1, at 4).  The bankruptcy court determined the motion by
13 ordering the motion taken off calendar, ordering Debtors/Appellants to remove the Notice of
14 Filing of Lis Pendens, and warning that no discharge would be granted in the underlying Chapter
15 7 bankruptcy until Debtors complied. (*See id.* 2).  In substance, the Court appears to have granted
16 the motion in part and denied it in part, ordering the lis pendens to be removed, but not granting
17 sanctions.

18   The Court dismisses the appeal for lack of standing.  As Chapter 7 Debtors, Appellants
19 have no standing to litigate any purported interests in the property of the bankruptcy estate except
20 through the Trustee. 11 U.S.C. § 323(a); *In re Eisen*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994)
21 (citing *id.*); *Skelton v. Clements*, 408 F.2d 353, 354 (9th Cir. 1969).  The Trustee is joined as an
22 Appellee in the present matter, plainly indicating that she has refused to pursue Appellants'
23 claims.
24 ///
25 ///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 3) is GRANTED and the appeal is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 4) is DENIED as moot.

IT IS SO ORDERED.

DATED this 30th day of July, 2013.

_____
ROBERT C. JONES
United States District Judge